No. 14-1266 – *Painter v. Ballard*

**FILED**
**June 8, 2016**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Chief Justice Ketchum, dissenting:

West Virginia Code § 25-1-3c(c)(1) [2005] instructs: "The warden shall deduct from the *earnings* of each inmate, legitimate court-ordered financial obligations. . . . The Commissioner of the Division of Corrections *shall develop a policy* that outlines the formula for the distribution of the offender's income[.]" (Emphasis added). Following this legislative directive, the Division of Corrections enacted Policy Directive 111.06(III), which excluded funds provided to an inmate from family or friends from being deducted by the warden. Policy Directive 111.06 states:

> Earnings: All sums of money paid to an inmate on account of any work assignment, or other allowable means by which an inmate may be compensated for work performed or goods sold, including earnings from work in correctional industries and indigent pay. Earning shall also include 40% of the proceeds from any arts and crafts sale. Earnings shall further include all sums of money received by the inmate on account of a settlement of a lawsuit; civil judgment; or other lawful process, inheritance, bequest, gift, **except funds provided the inmate by family or friends.** Earnings shall not include sums deducted for mandatory savings.

(Emphasis added). Thus, under Policy Directive 111.06, money sent to an inmate from his/her family or friends does not constitute "earnings" and may not be deducted by the warden for the purposes outlined in W.Va. Code § 25-1-3c.

In the present case, Mr. Painter received $25.00 "from home" and the warden deducted 40% of this gift ($10.00). I believe that this Court should have applied

1

the plain language of Policy Directive 111.06 and ruled that the warden was not permitted to deduct 40% of the funds Mr. Painter received "from home."

Based on the foregoing, I respectfully dissent.